Greg S. Erickson (1002)
1065 South 500 West
P.O. Box 609
Bountiful, Utah 84011
Telephone: (801) 299-5519

Craig J. Madson (3663)
Robert S. Rapp (7428)
Kyle W. Grimshaw (9436)
MADSON & AUSTIN
15 West South Temple, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 537-1700

Mark M. Bettilyon (4798)
Rick B. Hoggard (5088)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500

*Attorneys for Plaintiff*
*and Counter-Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>YUAN MEI CORP., a foreign Taiwan corporation; AMAGINE GARDEN, INC., a foreign Taiwan corporation; AQUA STAR INDUSTRIES, INC., a California corporation; GARY WANG, an individual, AFRICAN DANCE SOCIETY, an entity of unknown form and origin, YUAN MEI GROUP, an | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DESIGN PATENT INFRINGEMENT**<br><br><br>Civil No.  1:01 CV 0051 BSJ<br><br>Judge:  Bruce S. Jenkins |

entity of unknown form and origin, YUAN
MEI INDUSTRIES INC., an entity of
unknown form and origin, AUREOLE
INTERNATIONAL CO. LTD., an entity of
unknown form and origin, MTC LTD., an
entity of unknown form and origin,
PARAGON SPRINKLERS, an entity of
unknown form and origin, YUAN MEI CO.
LTD. REPUBLIC OF CHINA, an entity of
unknown form and origin, CWI, an entity of
unknown form and origin, and JOHN DOES
1-5,

      Defendants.

_____

YUAN MEI CORP., a Taiwan corporation;
and AMAGINE GARDEN, INC., a Taiwan
Corporation,

      Counter-Claimants,

v.

ORBIT IRRIGATION PRODUCTS, INC., a
Utah corporation; K.C. ERICKSEN, an
individual; and DOES 1-15,

      Counter-Defendants.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Orbit Irrigation Products,

Inc., hereby files its Memorandum of Points and Authorities in Support of its Motion for

Summary Judgment on the Issue of Design Patent Infringement.

# INTRODUCTION

Contemporaneously with the filing of this summary judgment motion, Orbit has filed a motion for summary judgment noting that Yuan Mei has failed to provide "actual notice" of infringement and as a consequence loses all of its claims of infringement except those relating to three Orbit devices.

All three of these devices are accused, by Yuan Mei, of infringing design patents. The purpose of this summary judgment motion is to demonstrate why these remaining infringement claims should be dismissed as a matter of law.

As will be described in greater detail below, the gist of Orbit's argument against infringement is that Yuan Mei is attempting to cast a broad infringement net which, if accepted by the Court, requires the invalidation of Yuan Mei's design patents. As the Court knows, there are literally hundreds of patents issued on the designs of hose nozzles. Case law makes it clear that these design patents must be narrowly construed. However, in order to make its claims of infringement Yuan Mei has proffered, via its expert witness, Todd Mendenhall, broad "points of novelty" which encompass designs presumably protected by other issued U.S. design patents. As a consequence, the Court can only conclude that either Yuan Mei's "points of novelty" are over broad and that Yuan Mei's patents are thus invalid – or the claims must be more narrowly construed. In either event, Orbit does not infringe and Yuan Mei's infringement claim should be dismissed with prejudice.

**UNCONTESTED FACTS**

**I.      Facts relevant to the D'939 Patent**



1.      Yuan Mei's '939 Patent was filed on June 13, 1996 and discloses a hose nozzle like that depicted to the right.  A copy of Yuan Mei's patent is attached as Exhibit 1.

2.      The patent was filed on June 13, 1996.  As a consequence, all nozzles in existence prior to June 14, 1995 constitute "prior art."

3.      The following hose nozzles all constitute prior art to the D'939 Patent.  Copies are also attached as Exhibits 2-13.



Des. 315,782
Filed: 02/10/1988



Des. 251,917
Filed: 04/17/1978



Des. 148,892
Date: 03/02/1948



Des. 194,014
Date: 11/06/1962



Des. 370,713
Filed: 05/10/1995



Des. 185,186
Date: 05/19/1959



Des. 225,222
Date: 11/28/1970



Israeli Patent
25389
11/13/1995

2



**L.R. Nelson
Model No. 2220
1995 Catalog**



**Patent No. D
361,122 Filed
05/12/1994**



Des. 370,713
Filed: 05/10/1995



Des. 315,782
Filed: 02/10/1988

4.      As noted above, the prior art shows a variety of hose nozzles with "bumps" or

"dots" on the handle of hose nozzles.  Given the prior art shown above, it would be obvious

to add dots to the handle of a hose nozzle.  Declaration of Robert Parker (Ex. 14) at ¶ 3.

5.      Since receipt of "actual notice" Orbit has sold two separate designs of its 58213

product.  Only the product depicted below is accused of infringement:



Old Product No. 58213
Total unit of sales after notice
13,207

6.      Patents on designs are very narrow, as shown by the following two product design patents:



Design Patent No. 492,005 S



Design Patent No. 488,533 S

*See* Exs. 15-16.



Orbit Rear Trigger

7.      Orbit has a patent on the dot pattern it uses on the back handle of its 58213 nozzle. Ex. 17.

**II.    Facts relevant to Yuan Mei's D'607 and D'498 Patents**

8.      On June 4, 1998, Yuan Mei filed two separate patent applications which ultimately issued as the D'607 and D'498 patents. Yuan Mei's two patents, however, have different expiration dates.  The D'607 patent was issued on June 29, 1999 and the D'498 patent was issued on April 20, 1999.  See Exs. 18-19. Each of these nozzles is depicted below:



D411,607



Yuan Mei's D'498 Patent

4

9.      Orbit was also granted a design patent of its own on a very similar dual trigger

pistol nozzle.  Orbit's patent number D 4,581,981 (the "D'981 Patent") was issued on

December 11, 2001.  Orbit's patent disclaims the "nose" of the hose nozzle which shows, as

part of its drawing, nozzles with noses similar to those depicted in the Yuan Mei D'607 and

D'498 patents. *See* Ex. 20. The two different versions of Orbit's D'981 are depicted below:



Orbit Patent No. D451,981



Orbit Patent No. D451,981

9.      Yuan Mei's expert, Todd Mendenhall, has identified six "points of novelty"

which he asserts demonstrate that each of Yuan Mei's respective design patents is infringed

by Orbit devices. Ex. 21.

10.      Confusingly, however, Dr. Mendenhall identifies the exact same six points of

novelty in describing each of the two different Yuan Mei patents.  The only distinction is that

the word "bulbous" is eliminated from the description of the sixth point of novelty in his

analysis of the D'498 patent.

Dr. Mendenhall's Points of Novelty:

1) Single continuous curve defining the trigger as opposed to the indented or undulating
   surface for finger positioning.
2) Dot in the grip décor at a probable trigger pivot.

3)  Generally smooth surface in the grip section with curved accent line defining the finger side of the grip
4)  Curved transition into a comparatively short trigger from the grip barrel.  The short trigger itself is a point of novelty and is essential to the creation of this design element.
5)  Smooth or seamless transition from the thumb crotch to a rounded end of the spray barrel.
6)  Oversized *bulbous* knurled spray pattern selection ring. *Id.* at 21.

11.    Depicted below are pictures from Dr. Mendenhall's expert report which identify the identical six specific "points of novelty" relevant to the two Yuan Mei patents. *Id.* at 21.



12.    Dr. Mendenhall's points of novelty, however, also clearly apply to Orbit's later granted patent, which cites the D'607 patent as prior art.  Depicted on the follow page are the two different drawings from Orbit's patent which also clearly contain all six of Dr. Mendenhall's "points of novelty."



Orbit Patent No. D'981



Orbit Patent No.  D'981

13.    Thus, according to Dr. Mendenhall, three separate U.S. patents all contain exactly the same "points of novelty."

## ARGUMENT

### I.      Orbit Product Number 58213 Does Not Infringe the D'939 Patent

Yuan Mei accuses Orbit product number 58213 of infringing its D'939 design patent. After the date of "actual notice" Orbit sold two different versions of the 58213 nozzle – both of which are depicted below.  Orbit continues to sell the nozzle depicted on the left.  It has discontinued selling the nozzle depicted on the right, which is not accused of infringement.



Old Product No. 58213



Current Product No. 58213

### A.      All Elements Except The "Half-Sphere Bumps" Are In The Prior Art

According to Yuan Mei's expert, Todd Mendenhall, Orbit's 58213 nozzle infringes Yuan Mei's D'939 design patent because Orbit's nozzle contains the following "points of novelty":

"Points of Novelty"

1. Trigger with definite thumb crotch and integral arch or extension to actuate the spray valve.

2. Bulbous swelling at the end of the trigger with half-sphere bump texture.



The D'939 Patent's
Points of Novelty

8

    3. Hand grip with finger indentations in the contour.

    4. Hand grip covered in half-sphere bumps on side faces.

    5. The flared transitions have a rounded shape.

Yuan Mei's nozzle, however, was not created in a vacuum and is in fact nearly identical to a plethora of similar watering devices, including those depicted below – all of which were created decades before Yuan Mei filed its D'939 patent application.

   

Des. 148,892
Date: 03/02/1948

Des. 185,186
Date: 05/19/1959

Des. 194,014
Date: 11/06/1962

Des. 225,222
Date: 11/28/1972

More recent examples of this same nozzle are essentially identical to Yuan Mei's D'939 Patent.  Depicted on the next page is a nozzle from a 1995 LR Nelson catalog.[1]  Depicted to the right is substantially the same nozzle, as shown in an LR Nelson patent filed on May 12, 1994. The Nelson Nozzle, like the D'939 patent, contains a (1) "trigger with definite thumb crotch and integral arch or extension to actuate the spray value;"  (2) a "bulbous swelling at the end of the trigger;" (3) a "hand grip with finger indentations in the contour;" (4) a "hand grip" and a (5) a "flared transition" with a "rounded shape".

---

[1] As the Court knows from prior cases these catalogs are released in the fall of the prior year.



L.R. Nelson Model No. 2220
1995 Catalog



Patent No. D 361,122
Filed 05/12/1994

In short, the only thing missing from the prior art Nelson device is what Yuan Mei's expert calls "half sphere bumps."

**B.      Bumps are Obvious**

According to the Federal Circuit, the "central inquiry in analyzing an ornamental design for obviousness is whether the design would have been obvious to 'a designer of ordinary skill who designs articles of the type involved.'"  *In re: Borden,* 90 F.3d 1570, 1574 (Fed. Cir. 1996). The obviousness inquiry also requires a "primary reference" such as the Nelson nozzle described above.  Once a primary reference is found, "other references may be used to modify it to create a design that has the same overall visual appearance as the claimed design."  *Durling v. Spectrum Furniture Co.,* 101 F.3d 100, 103 (Fed. Cir. 1996).  As noted above, all of the points of novelty relied on by Yuan Mei's expert – except for the "half-sphere bumps" – are found in the prior art LR Nelson hose nozzle.  The LR Nelson nozzle thus constitutes a "primary reference."

Described on the next page are a series of "secondary references" which show "bumps" on hose nozzle handles.  According to the Federal Circuit, secondary references such as those noted below can be considered as long as there is "some suggestion in the prior art to modify the basic design with features from the secondary references."  *In re: Borden,* 90 F.3d at 1574-75.

10

As noted in the following drawings, numerous prior art patents depict "bumps" and "dots."  It would thus be obvious to place "bumps" on the LR Nelson nozzle.



Israeli Patent
25389
11/13/1995



Des. 315,782
Filed: 02/10/1988



Des. 370,713
Filed: 05/10/1995



Des. 251,917
Filed: 04/17/1978



Des. 315,782
Filed: 02/10/1988

Des. 370,713
Filed: 05/10/1995

As noted in the Declaration of Robert Parker, one of ordinary skill looking at the nozzle depicted in the LR Nelson 1995 catalog would have known that adding "bumps" would have been obvious.  Parker Decl. (Ex. 14 at ¶ 3.)  Thus, if Yuan Mei claims that any array of "bumps" infringes its patent, then the patent is obvious, because "bumps" were known in the prior art. Yuan Mei cannot claim the exclusive right to place bumps or dots, in any pattern or configuration, on hose nozzle handles, or it invades on ground which is in the public domain and available to all.

**C.     To Survive Invalidity, the D'939 Patent Must Be Narrowly Construed**

As the Court has no doubt noted, the Patent Office is willing to grant design patents covering features which are virtually identical.  This includes different design patents on "dot" patterns which are nearly identical.  For example, depicted below are two different watering devices which are covered by two separate design patents.  As the Court will note, the designs are virtually identical and are primarily distinguished by the fact that one product has five dots of a uniform diameter while the other device has four smaller dots and one large dot.



Design Patent No. 492,005 S



Design Patent No. 488,533 S

Because dot patterns on hose nozzle handles exist in the prior art, if Yuan Mei has a patent covering dots that patent must, as a matter of law, be limited to the specific dot pattern described in the patent.  If Yuan Mei chooses to construe the claims broadly enough to cover all dot patterns, Yuan Mei's D'939 patent is obvious in light of the numerous prior art designs showing an array of dot patterns on hose nozzle handles.

**D.     Yuan Mei's "Bumps" are Different than Orbit's "Bumps"**

In the context of design patents, the Orbit and Yuan Mei dot patterns are patentably distinct.  As noted in the drawing to the right, the dot pattern on the shaft of Yuan Mei's nozzle is a repeating pattern of five dots which essentially creates a picture of a small person.



Yuan Mei

In contrast, the pattern on the shaft of Orbit's nozzle displays a dot pattern in an alternating pattern of three dots and two dots.  Orbit's dots are also two different sizes.



Orbit

Equally as important, the dot pattern found on the back handle of Orbit's nozzle is also very distinct from the dot pattern found on the back handle on Yuan Mei's patent.  Perhaps more importantly, Orbit's dot pattern has been the subject of its own patent application.  Noted below are side by side comparisons of the dot patterns on the grips and the back handles of Yuan Mei's patent and Orbit's device.  As can be plainly seen, the patterns are clearly different.


Yuan Mei Rear Trigger


Orbit Rear Trigger


Yuan Mei Handle


Orbit Handle

**E.      Yuan Mei is on the Horns of a Dilemma**

Yuan Mei's claims of infringement place it on the horns of a dilemma.  If Yuan Mei believes its D'939 Patent encompasses all patterns of dots, then its patent is obvious over numerous prior art patents showing dots on hose nozzle handles.  If Yuan Mei desires to preserve validity, its patent must be restricted to the pattern of dots shown in the patent and Orbit's product does not infringe because it depicts a very distinct dot pattern – a portion of which has been the subject of Orbit's own patent application.  In either event, the claims against Orbit must be dismissed – on grounds of invalidity or on grounds that Orbit's product does not infringe.

13

II.     **Orbit Product Number 58317 Does Not Infringe the D'607 Patent**

A.      **Each Design Patent is a New, Original Ornamental Design**

Unlike utility patents, which can be granted for both "*new*" inventions and "useful *improvements* thereto" a design patent may only be granted for a "*new, original and ornamental design* for an article of manufacture."  Compare 35 U.S.C. § 101 to 35 U.S.C. § 171.  To obtain a new design patent over prior art "the new design must contain an inventive concept." *Hoop v. Hoop,* 279 F.3d 1004, 1007 (Fed. Cir. 2002).  In fact, "the ultimate test for design-patent inventorship, *like the test for anticipation and infringement*, is whether the second asserted invention is 'substantially similar' to the first." *Id.* (emphasis added).  Accordingly, the Patent and Trademark office may not grant patents to inventors unless it finds that there is no "substantial similarity" between the prior art and the new proposed invention.  Similarly, there can be no infringement or anticipation unless there is "substantial similarity" between the patent claim and the accused device. *Id.*

Federal Circuit case law has also long held that a later granted patent can be relevant to the issue of infringement, for these very reasons. *National Presto Indus. Inc. v. West Bend Co.,* 76 F.3d 1185, 1192 (Fed. Cir. 1996).  In a case involving the doctrine of equivalence, which requires, for a finding of infringement, an "insubstantial" change from the prior art, the Federal Circuit has held that a later granted patent demonstrates non-infringement because the granting of such a patent demonstrates that the change between the old and the new is more than "insubstantial." *Zygo Corp. v. Wyko Corp.,* 79 F.3d 1563, 1570 (Fed. Cir. 1996).  As a consequence, devices falling within the parameters of the later granted patent are "presumed nonobvious . . .until proven otherwise." *Id.*

*Zygo* is of particular relevance here because the test for infringement under a utility

Patent doctrine of equivalence analysis requires a change which is "insubstantial" which is

essentially the same standard articulated by the Federal Circuit for design patent inventorship.

Compare *Zygo*, 79 F.3d at 1570 to *Hoop*, 279 F.3d at 1007.

In the instant case, these points are dispositive, as Orbit has been granted a patent on its

58317 device – a patent which cites Yuan Mei's earlier D'607 patent as prior art.  The Patent and

Trademark Office has thus found, as a matter of law, that Orbit's nozzle is not "substantially

similar" to Yuan Mei's D'607 patent.  This finding shifts the burden of proof to Yuan Mei.  A

burden Yuan Mei cannot overcome.

A comparison of Orbit's later granted design patent is also instructive for another reason.

As will be explained in the next section, the alleged "points of novelty" discussed by Yuan Mei's

expert apply equally to both patents.  At a minimum, this demonstrates that Yuan Mei's expert

has not articulated proper points of novelty but instead casts a net that is so broad that Yuan

Mei's patent must be found invalid if it is construed as urged by Yuan Mei's expert.

**B.     Yuan Mei's Alleged "Points Of Novelty" Cover Orbit's Design Patent**

In his expert report, Yuan Mei's expert, Dr. Mendenhall, provides the following chart and

identifies six "points of novelty" which he claims demonstrate infringement by Orbit's 58317

nozzle.  Dr. Mendenhall's "points of novelty" and his chart are provided below:

Dr. Mendenhall's Points of Novelty:

1)  Single continuous curve defining the trigger as opposed to the indented or undulating
surface for finger positioning.
2)  Dot in the grip décor at a probable trigger pivot.
3)  Generally smooth surface in the grip section with curved accent line defining the finger
side of the grip.

15

4)  Curved transition into a comparatively short trigger from the grip barrel.  The short trigger itself is a point of novelty and is essential to the creation of this design element.

5)  Smooth or seamless transition from the thumb crotch to a rounded end of the spray barrel.

6)  Oversized *bulbous* knurled spray pattern selection ring.



| D411,607 | Product 58317 |

Dr. Mendenhall's analysis, however, assumes too much.  As the Court already knows, the Federal Circuit has held that design patents have "almost no scope" and are "limited to what is shown in the application drawings."  *In re: Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988).

As a matter of law, Dr. Mendenhall's "points of novelty" cannot form the basis of a finding of infringement because these exact same points of novelty are also found in the patent granted to Orbit – a patent which cites the D'607 patent as prior art.  As noted by the next drawing, Orbit's later patented device contains each and every one of Dr. Mendenhall's supposed "points of novelty."

Orbit's later granted design patent contains, for example, a (1) "single continuous curve defining the trigger."  It also contains (2) a "dot in the grip décor."  It has (3) a "generally smooth surface in the grip section and a "curved accent line defining the finger side



Orbit
Patent No. D451,981 S
Filed: 01/03/2001

of the grip." Orbit's later granted patent also has a (4) "curved transition into a comparatively short trigger from the grip barrel." Orbit's patent also shows a (5) "smooth or seamless transition from the thumb crotch to a rounded end of the spray barrel" and an (6) "over-sized bulbous spray pattern selection ring."[2]

As noted above, each design patent is a "new, original and ornamental design." 35 U.S.C. § 171. Dr. Mendenhall has chosen, as his supposed "points of novelty" design elements which the Patent Office has deemed worthy of three separate patents. As a consequence, if Yuan Mei's patent is construed as proposed by Dr. Mendenhall, it must be found invalid, because it casts a net which encompasses three "new, original and ornamental designs" – all of which are the subject of a granted patent. 35 U.S.C. § 171.

### C.      Yuan Mei Asks the Court to Ignore the Findings of the Patent Office

Yuan Mei's expert has proffered, as points of novelty, six elements which exist in two different patents issued by the U.S. Patent and Trademark Office. By doing so, Yuan Mei asks the Court to substitute its own judgment for that of the Patent Office. – without proffering any valid justification for doing so. As noted above, Orbit's patent must be "presumed not obvious until proven otherwise." *Zygo*, 79 F.3d at 1570. Orbit has its own design patent which was granted to Orbit by the Patent Office—after the Patent Office concluded that Orbit's design contained "points of novelty" not found in Yuan Mei's D'607 patent. Unless Yuan Mei can demonstrate that Orbit's patent should not have been granted, the Court must reject Yuan Mei's proffered "points of novelty" because those points of novelty cast a net which ensnares multiple United States patents.

---

[2]As noted above, this element is shown in the patent, but disclaimed as part of the design.

**D.     Yuan Mei's Claims Must Be Dismissed With Prejudice**

Yuan Mei has the burden of proof.  Yuan Mei has had four years to figure out its

allegations of infringement.  It cannot, on the basis of the information presently before the Court,

make its claim.  It is now too late to alter the "points of novelty" or otherwise proceed, and Yuan

Mei's claims must be dismissed with prejudice.

**III.     Orbit Product Number 58316 Does Not Infringe the D'498 Patent**

**A.     Dr. Mendenhall Finds That 3 Patents Have Exactly the Same Six "Points of Novelty"**

Yuan Mei also accuses Orbit product number 58316 of infringing the D'498 patent.

Interestingly, in his expert report, Dr. Mendenhall identifies precisely the same six "points of

novelty" as those which apply to Yuan Mei patent D'607 and Orbit patent number D'981.

Indeed, the only distinction between Dr. Mendenhall's D'607 Patent "points of novelty" and

those used to describe the D'498 "points of novelty" are in his sixth element which are described

as an "oversized knurled spray pattern selection ring" instead of as a "oversized *bulbous* knurled

spray pattern selection ring.



| Yuan Mei's D'498 Patent | Orbit Product 58316 | Orbit Patent No. D'981 |

Thus, the only apparent distinction between Yuan Mei's two patents is one has a "*bulbous knurled* spray pattern selection ring" while the other has merely a "*knurled* spray pattern selection ring."

As a matter of law "bulbous" is insufficient to satisfy the patentably distinct subject matter of three different issued U.S. patents. Thus, Dr. Mendenhall's points of novelty must be rejected as a matter of law because the Patent and Trademark Office has apparently granted at least three patents with precisely the same "points of novelty".

 

**B.      The D'498 Patent is Either Invalid or Orbit Product Number 58316 Does Not Infringe.**

As noted above, Dr. Mendenhall has thus essentially found, as "points of novelty" design elements which are found in three separate patents issued by the United States Patent and Trademark office. As a matter of law, these clearly are not the points of novelty which distinguish these different designs. It is now well past the time to proffer valid claim constructions and Yuan Mei's over broad claims of infringement must be rejected as a matter of law.

## CONCLUSION

Yuan Mei's claims of infringement relating to its design patents must be dismissed as a matter of law.

DATED this 21st day of July, 2006.

RAY QUINNEY & NEBEKER P.C.


/s/ Mark M. Bettilyon_____
Mark M. Bettilyon
Rick B. Hoggard
GREG S. ERICKSON

MADSON & AUSTIN, PC
Craig J. Madson
Robert S. Rapp
Kyle W. Grimshaw

Attorneys for Plaintiff Orbit Irrigation Products
882239

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of July, 2006, I electronically filed the foregoing

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DESIGN PATENT**

**INFRINGEMENT** with the Clerk of Court using the CM/ECF system which sent notification of

such filing to the following:

> Grant R. Clayton
> Wesley M. Lang
> Clayton, Howarth & Cannon
> 1225 East Fort Union Boulevard, Suite 300
> Midvale, UT 84047
>
> Michael A. Oswald
> John D. Tran
> Oswald & Yapp
> 16148 Sand Canyon Avenue
> Irvine, California 92618

/s/ Brandy Judd               

882239